# William Ferriday *et al. v.* Hiram Selcer.

Although a judgment at law is conclusive upon the defendant, as to every matter of defence of which he could fairly have availed himself, yet if the matter relied on could not have been received as a defence by reason of its equitable character, or by reason of the forms of legal pleading, in these cases, a court of equity will give relief, although there may have been an ineffectual attempt to defend at law.

Where an answer admits the equitable allegations of a bill, but sets up matter in avoidance, such matter is not evidence to the court on a motion to dissolve an injunction on bill and answer, and the injunction will be continued till the hearing.

After a sufficient levy on a defendant's property, he is liable to no further distress so long as the property is withheld from him; but if the levy be dismissed and the property restored to him, he is liable to a new levy.

If a claimant give a bond for the trial of the right to property levied on, and at the trial the issue is decided against the claimant, he has a right to surrender the property levied on in discharge of his bond; and if, during the pendency of such issue, the property levied on is taken out of the claimant's hands by an older execution, this operates as a discharge of the claimant's bond, and a court of equity will enjoin the plaintiffs in the junior execution from enforcing their judgment at law obtained against the claimant on the trial of the right of property.

On the —— day of February, 1838, judgment at law was obtained against George R. Carradine, for the sum of twelve thousand dollars. On the thirteenth of April, 1838, Carradine conveyed to Shipp, Ferriday & Co. nineteen slaves and two hundred acres of land, to secure the payment of sixteen thousand dollars which he owed them. On the same day Carradine conveyed to William Ferriday and Richard M. Corwine, trustees for the benefit of his creditors, eight hundred acres of land and thirty-four slaves. On the 15th of May, 1838, Hiram Selcer obtained judgment against Carradine for the sum of eight thousand dollars, on which execution issued, and was levied on a part of the slaves embraced by the deed of trust. The trustees claimed the slaves, and gave a bond for the trial of the right of property. On the 8th of November, 1838, and before the right of property was tried, execution issued on the judgments for twelve thousand dollars,

obtained against Carradine previous to the execution of the deed of trust, and was levied on the same slaves. Under this execution the slaves were sold, and the procceds applied to the payment thereof. On the trial of the right of property the issue was decided in favor of Selcer, the junior judgment claimant, and the trustees in the deed of trust appealed to the High Court of Errors and Appeals, where the judgment of the court below was affirmed, and execution issued on the appeal bond against the appellants and their sureties. These latter parties filed their bill in chancery to enjoin the levy of this last execution, alleging that the property in dispute had been taken out of the hands of the trustees by executions older than that of Selcer.

The answer of Selcer admits that the slaves were taken out of the hands of the trustees and sold under senior executions to his, but charges that those executions were levied at the instance of Ferriday, one of the trustees, and one of the complainants in this bill, and also that Ferriday was the owner of said executions. The answer also insists that the judgment at law obtained by Selcer against Ferriday and his sureties bars the relief sought by complainants.

It is further charged, that the senior executions had been previously levied and dismissed by the plaintiffs in same, and that therefore they were satisfied and could not be re-issued and levied.

The CHANCELLOR.

This case is submitted on motion to dissolve the injunction on bill and answer. The substance of the complainant's case is this: In April, 1838, he became the trustee under a deed of trust made by George R. Carradine, conveying to him land, slaves and other property, in trust for the payment of enumerated debts owing by Carradine. At that time there were a number of outstanding unsatisfied judgments against said Carradine. Subsequently the defendant, Selcer, obtained a judgment against Carradine, sued out an execution, and had it levied on some of the negroes so conveyed in trust to the complainant, who, under the impression that it was his duty as trustee to do so, filed his claim to the slaves so levied on, and gave bond for the trial of the

right of property, under the statute upon that subject. At the trial the jury found against his claim, and the court rendered a judgment thereon, which judgment he enjoined upon the ground that prior to the trial aforesaid the slaves levied on by the defendant had been taken out of his possession, by virtue of executions from judgments against said Carradine, which were a lien upon the said slaves, and which were older than his deed of trust; alleging that he was precluded at law from showing these facts in his discharge, which allegation is sustained by reference to the record in the case. The defendant relies in his answer upon his judgment at law as a bar to any relief to the complainant in this court. He admits the main allegation of the bill upon which the complainant's equity rests, but sets up in avoidance various matters which will be noticed hereafter.

The first question to be settled is that which insists upon the judgment at law as a bar. Although a judgment at law is conclusive upon the defendant as to every matter of defence of which he could have fairly availed himself, yet if the matter relied on could not have been received as a defence by reason of its equitable character, or by reason of the forms of legal pleading, in these cases, a court of equity will give relief although there may have been an ineffectual attempt to defend at law. Foster *v.* Wood, 6 John. Ch. 90; 2 Munf. 1; 1 A. K. Marshall 388; Cook's Rep. 242. The defence here set up is separate and distinct from the judgment at law, and could not have been received in evidence, having no connection whatever with the on'y question upon which it seems the jury passed a verdict, viz., the validity or invalidity of the deed under which the complainant claimed. There could have been but the one issue in the case, and the only question embraced by that issue, and the only one therefore decided by the court was whether the claim of Ferriday under the deed of trust would hold the slaves against the judgment and execution of the defendant. It needs only to state the character of the issue in that case, in order to show that the matters here relied on could not have been made available to the complainant. I am therefore of opinion that the judgment at law does not bar the complainant from relief in this court, if he has made a case which otherwise entitles him to it.

William Ferriday *et al. v.* Hiram Selcer.

The principal feature of the case upon which I deem it necessary to give an opinion under this motion, is that which shows that after Ferriday had given a bond for the trial of the right to the property which he claimed, and before such trial was had, the property was seized and wrested from his hands by virtue of a judgment of older date than the deed of trust under which he made his claim, and he thereby prevented from delivering up the property in discharge of the judgment rendered against him upon the trial of the claim aforesaid. Ferriday doubtless had a right under the law to deliver the slaves in discharge of his liability, the claim to which he had failed to sustain. And having been deprived of this right by a levy and seizure of the negroes under executions from judgments of older date than that of the defendant, he is entitled to relief against the judgment rendered against him in favor of the defendant, unless there is something in the case which overrules that ground for relief. The case of Lusk *v.* Ramsey, 3 Munf. Rep. 417, fully sustains the equity of this feature of the complainant's bill.

The defendant admits in his answer that the negroes were taken from the possession of the complainant as alledged in the bill, but to avoid the equity of that allegation, he states that they were so taken at the instance and by the consent of the complainant, who waived notice of the sale, and purchased through an agent some of the negroes at an undervalue, and that some of the executions had been previously levied upon sufficient property to satisfy them. All this, it is said, was brought about by the complainant in order to exempt some property which he had bought from Carradine from the operation of these executions, which or some of which it is stated had been previously levied on that property, and the sale of it enjoined by the complainant. In this the complainant did nothing more than the law authorised him to do. No principle is better settled, than that a purchaser of property from a judgment debtor has a right to restrain the judgment creditor from levying on such property, so long as such debtor has other property sufficient to satisfy such judgment, Clowes *v.* Dickinson, 5 J. C. R. 244. Here the complainant's purchase of the property although junior in date to the judgments by virtue of which it was levied on, was yet senior to that of the defendant, which

gave him the right to force the older judgments upon the property which would otherwise have been liable to the defendant's judgment. The case of Fowler and Adair *v.* Burks, *et al.* Harper's Eq. R. 164, is a case precisely in point. The complainant took a mortgage upon a negro slave, at the date of which there were a number of executions that ejected the mortgagor, some older and some junior to the mortgage. The slave was sold on the older executions, and all the other property of the mortgagor sold under the junior executions. It was held that the senior executions should be satisfied out of the *other* property sold, and that the proceeds of the slave should be applied to the satisfaction of the mortgage ; but all these matters, however stated in the answer, are matters in avoidance, and if true are not available to the defendant under the present motion.  Where the defendant in his answer to an injunction bill admits the equity of the bill, but sets up new matter of defence on which he relies, the injunction will be continued to the hearing.  Minturn *v.* Seymore, 4 John. Ch. 497. Suppose, however, that it be true as by the answer, that the slaves were levied on at the instance and by the consent of the complainant, it is difficult to conceive how that could better the condition of the defendant, or weaken the position of the complainant. The amount of this statement is, that the complainant consented that the plaintiffs in these older executions should do what the law authorised them to do, and what he could not prevent them from doing.  It amounts to this, that the complainant gave his consent to the doing of that which might have been done not only without his consent, but against it.  It is true that it is stated that the complainant was the assignee of one of these executions, and that he bought through an agent some of the slaves sold under them at less than their value.  In this it seems to me he did nothing more than to exercise the right which every creditor has of having his execution levied, and of buying the property sold under it.  It is stated also, that the complainant as trustee received notice of the sale.  This may be ground for complaint on the part of the *cestuys que trust* to the deed, if their interests were prejudiced by it ; but it is a matter for which the complainant could not be responsible to the defendant in his character of judgment creditor of the grantor in the deed.  It is said also, that some two or three of

William Ferriday *et al. v.* Hiram Selcer.

these older executions had been previously levied, and those levies afterwards dismissed. This would at most only go to show that the subsequent executions were irregular; a matter with which the complainant clearly had no concern, and of which he could not have taken advantage, he not being a party to the record. Watkins *v.* Walker, 4 Bibb, 411. But the first levy having been dismissed for sufficient reasons, the plaintiffs in execution had a right to make a new levy. It is true that after a sufficient levy on a defendant's property, he is liable to no further distress so long as the property is withheld from him; but if the levy be dismissed, and the property restored to him, he is liable to a new levy, Morrow *v.* Hart, 1 Marshall 292. From any view which I have taken of this case, I have not been able to perceive how the acts of the complainant, as connected with the executions older than that of defendant, could in any way have affected, injured or impaired the rights of the defendant.

It is alledged by the complainant's bill, and not denied by the answer, that the whole of the trust property in the hands of the complainant was exhausted by executions on judgments older than the defendants. It is obvious, then, that the claim made by the complainant to the property levied on by the defendant, did not put the latter in any worse condition than he would have been if such claim had not been made, inasmuch as the defendant's judgment must have been postponed to the satisfaction of the older judgments; and yet the defendant, seeks to make the complainant liable for property which he could not have subjected to his judgment, and which the complainant was prevented from delivering in discharge of the defendant's judgment against him by the force and operation of law, a fact which he could not have shown on the trial at law.

It would seem, then, that the defendant has obtained a judgment at law against the complainant, under circumstances which render it inequitable that it should be enforced. It would seem that the defendant should not be in justice allowed to recover more from the complainant than he could have realized out of his judgment against Carradine. If, then, it appears that he could have recovered nothing from Carradine, he should recover nothing from the complainant. In the case of Harrison *v.* Harrison, 1 Lit-

William Ferriday *et al. v.* Hiram Selcer.

tell Rep. 144, where a judgment had been obtained against a sheriff for failing to return an execution, it was held that he might avoid the judgment in equity and good conscience; the plaintiff was not entitled to receive the money of the defendant upon the execution. This case is analogous in principle to the one here under consideration. From this view of the case, I am of opinion that the motion to dissolve the injunction must be overruled.