WOODWARD, BALDWIN & COMPANY *vs.* THE ARLINGTON MILLS MANUFACTURING COMPANY, a corporation of the State of Delaware.

*Rule to Show Cause why Judgment Should Not Be Vacated—Jurisdiction of This Court Over Its Judgments in Proper Cases—Fraud—Remedy in Chancery.*

1. Where a judgment is regularly recovered and no exception is taken to any process or paper filed in the case or any record proceeding, but the objection is outside of the record and grows out of the alleged violation of a duty that some of the members of the plaintiff firm owed to the stockholders and creditors of the defendant corporation in a fiduciary relation, and is based clearly on a breach of trust, this Court will not vacate the judgment. In such a case the injured parties have an adequate remedy only in Chancery, where all persons interested may be made parties to the proceeding, and where the complainant proceeds at his own risk, giving proper security for any costs and damages that may be sustained by the person or persons rightfully entitled to the money.

2. This Court has jurisdiction of its own judgments in all proper cases, but such a case does not come within the well settled practice in relation thereto.

(*June 3, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert G. Harman* and *Horace Greeley Knowles* for plaintiffs.

*Levi C. Bird* and *Andrew E. Sanborn* for defendants.

Superior Court, New Castle County, May Term, 1899.

SUMMONS CASE—Rule to show cause why judgment (No. 132, November Term, 1897) should not be vacated.

LORE, C. J.:—Upon the application of George S. Capelle, receiver of the said Arlington Mills Manufacturing Company, the defendant, a rule was issued to show cause why the above judgment should not be vacated.

In this case, judgment was recovered December 3, 1897, for

want of an affidavit of defense.   December 4, 1897, the amount was ascertained by the prothonotary to be $96,075.43.

We are asked to vacate the judgment, permit the defendant to appear, and that the case proceed as in similar cases, as if no judgment had been entered.

The grounds assigned for the application are that William H. Baldwin, Jr., and Summerfield Baldwin, two of the members of the firm of Woodward, Baldwin & Company, the plaintiffs in the judgment, were, at and before the date of the judgment, stockholders, officers and managing directors of the Arlington Mills Manufacturing Company, the defendant; that as such, with the other officers and directors, they owed a duty to the said corporation, its stockholders and creditors, to make a proper defense to the said suit.   That in violation of such duty, and in collusion with the plaintiffs, they failed to defend the suit, and permitted judgment to be entered, in an amount at least forty thousand dollars in excess of the actual indebtedness.

It is admitted that the suit was regularly and formally instituted and duly proceeded to judgment.   No exception is taken to any process or paper filed in the case or any record proceeding. The objection is outside of the record, and grows out of the alleged violation of a duty that the Baldwins owed to the stockholders and creditors of the corporation, by virtue of their fiduciary relation to them, and is based clearly upon a breach of trust, for which, if it be true, the injured parties have an adequate remedy only in Chancery, where all persons interested may be made parties to the action, and where the complainant proceeds at his own risk, giving proper security for any costs and damages that may be sustained by the person or persons rightfully entitled to the money.

It is conceded that this Court has jurisdiction of its own judgments in all proper cases, but this case does not come within the well settled practice in relation thereto.

The rule is therefore discharged.