# Buchanan v. Banks, Appellant.

*Ejectment—Judgment—Opening judgment—Res adjudicata.*

Where a judgment in ejectment has been wrongfully entered under an amicable action and confession, and thereafter an ejectment by the defendants has been decided in favor of the plaintiff, not upon the merits, but upon the ground of the previous confessed judgment, and the plaintiff is put in possession, and subsequently the defendants have the confessed judgment opened, the defendants are entitled to restitution of possession, and to have the issue framed under the rule to open, tried on its merits, without respect to the second judgment in ejectment.

Argued May 7, 1902. Appeal, No. 74, Jan. T., 1902, by defendant, from judgment of C. P. McKean Co., Dec. T., 1894, No. 216, on verdict for plaintiff, in case of P. O. Buchanan v. John Banks and Rebecca B. Pierce (now intermarried with N. Wilson). Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Ejectment for lands in Bradford township. Before Morrison, P. J.

At the trial it appeared that on December 1, 1894, judgment was entered under an amicable action and confession upon a warrant of attorney contained in a written contract for the purchase of land. It appeared that the judgment was entered without the knowledge of defendants and was not their voluntary act. Subsequently in October, 1895, the defendants began an action of ejectment, and judgment was entered against them solely on the ground of the existence of the confessed judgment. The defendants then took a rule to open the confessed judgment, and an issue was framed. Pending a trial of the issue

the court refused to restore the defendants to possession, and at the trial of the issue directed a verdict for the plaintiff.

*Errors assigned* were (1) in directing a verdict for plaintiff; (7) in refusing a writ of restitution.

*R. B. Stone* and *F. P. Schoonmaker*, for appellant.—To hold the second ejectment a bar was a transgression of the opinion of the Supreme Court on the former appeal (192 Pa. 516), wherein the very question was fully discussed and determined.

No bar can arise until a case has been determined upon its merits : Seitzinger v. Ridgway, 9 Watts, 500; Weigley v. Coffman, 144 Pa. 498; Schwan v. Kelly, 173 Pa. 65; Head v. Maloney, 111 Pa. 99; Tams v. Lewis, 42 Pa. 410.

The defendants should have been restored to possession : Tyler on Ejectment, 441 ; Johnson v. Fullerton, 44 Pa. 466; Gardiner v. Schuylkill Bridge Co., 2 Binn. 450; Norris v. Hamilton, 7 Watts, 99; Shaw v. Bayard, 4 Pa. 257.

*W. J. Milikin* and *George A. Berry*, with them *Henry King*, *J. W. Bouton* and *Robert L. Edgett*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 13, 1902:

When this case was under consideration by this court in Buchanan v. Banks, 192 Pa. 516, Justice GREEN reviewed the case in detail, and specifically pointed out that as a result of the action of the court below " up to this moment the appellant has never had a hearing in a court upon the merits of her case." And he further pointedly said : " And so it has come to pass that a litigant with an undoubted right to be heard concerning her grievences has been denied all hearing; she has never yet been heard; worse than all else, she has in all the proceedings subsequent to the first been denied a hearing, for the very reason that she had already been denied a hearing in the first proceeding. This, certainly, is a state of things that ought not to exist, and which cannot be allowed to exist without being a dire reproach to the administration of justice."

Words could not make more clear that under the order in that case the judgment was to be opened, and the appellant was to be allowed to be heard on the merits of her case, unfettered

by any previous decision. This order was made with full knowledge of the course pursued by the court below in the action of ejectment at No. 221, October term, 1895. That case, it was considered, was disposed of upon ground that did not go to the merits of the action, and hence the judgment there was not a bar. It was based solely upon the judgment which was entered in the present action by confession. The present proceeding was instituted for the express purpose of nullifying or setting aside the judgment entered by confession at No. 216 December term, 1894. Its object was to determine the effect of the judgment which had been entered, not after a hearing upon the merits, but by confession ; as a matter of course then, neither the judgment which is questioned, nor anything founded upon it, can be properly offered in opposition to the inquiry in this case.

It is needless to cite authorities to show that in order to be a bar the judgment must be upon the merits, and that if the real merits of the action are not decided in the prior judgment, it is no bar. The former order of this court was that the rule to open the judgment be granted, and the record was remitted for further proceedings, in which the essential merits of the controversy were to be determined. Relief having been thus granted against the judgment, and the case having been sent back for trial, the plaintiff had not then of course shown title to the premises. The appellant, who was the defendant below, should, therefore, have been restored to possession, to await the determination of the cause. Not only was there manifest incongruity in proceeding to trial with the ejectment plaintiff in possession, but in the interest of justice the appellant should have been restored to the situation in which she stood before the writ of habere facias possessionem was issued. A writ of restitution should then have been awarded.

The assignments of error are all sustained, and the judgment reversed ; and the record is remitted for further proceedings, in which the cause is to be heard upon its merits. It is further ordered that all proceedings based upon the said judgment at No. 216, December term, 1894, be set aside, and that the court below award a writ of restitution.

MESTREZAT, J., dissents.