PARKER H. HUDSON,

*vs.*

ELIZABETH A. LAYTON and JACOB WEST, Sheriff.

*Sussex, July* 25, 1919.

In general, a plea that another court having jurisdiction of the parties and subject-matter has determined the issues between the parties, is, if sustained, a bar to any judicial determination of the same matters by another court other than an appellate court.

The Superior Court by statute had jurisdiction to determine the effect of a mistake as to the name of plaintiff, made by defendant when summons was read to him by the sheriff, and as to it the decision of the Superior Court was final, so far as concerned the Court of Chancery hearing a suit to vacate a default judgment against defendant entered, as he claimed, on account of his mistake as to plaintiff.

It is a point of equitable cognizance whether the statement or promise of plaintiff that she would not sue defendant until she notified him misled him to believe, when a summons was read to him, that he had been sued, by another of the same last name as plaintiff, so that, whether the point was adjudicated in the Superior Court or not, the Court of Chancery, in defendant's suit to vacate default judgment, has jurisdiction to hear and decide the matter.

When, in a court of law, all the issues are legal, and the defense is legal, and not an equitable one, unavailable at law, a court of equity has jurisdiction to set aside a judgment obtained in the suit, if there is some equitable ground arising out of or connected with the trial itself, as where defendant, with defense on the merits, was prevented by his adversary's fraud from maintaining it.

In suit to vacate a judgment by default because plaintiff, defendant in the prior action, when summons was read to him, on account of prior assurances of the other party, had believed it was process in another person's action, a plea filed by defendants, former plaintiff and the sheriff, *held* not to show a prior adjudication in the Superior Court of the equitable grounds set up for vacation of judgment.

STATEMENT OF THE CASE. The bill was filed on September 25, 1915, wherein it was alleged that on August 10, 1910, an action of trespass on the case was brought in the Superior Court for Sussex County by Elizabeth A. Layton against the complainant, Parker H. Hudson, for damages by fire to growing timber on her land, and on October 14, 1910, judgment was entered for want of an appearance. It was further alleged, in substance, that at the time when the action was brought another suit was pending against the complainant, which had been brought by one Landreth L. Layton for damages caused by the same fire, and that when the summons in the second case was read by the sheriff to the complainant he (the complainant) was mistaken as to the name of the plaintiff, and believed that the summons related to the suit of Landreth L. Layton. The complainant also relied upon verbal statements made by Elizabeth A. Layton, the plaintiff in the suit at law, prior to the bringing of her suit, to the effect that she would notify him when she intended to sue him, and that he could disregard what anyone else said or did. Based on the accident and mistake so originating, as was claimed, through no neglect or fault of the complainant, and relying upon the statements of the plaintiff in the suit of Elizabeth A. Layton, the complainant did not make the defense which he had to her suit, and asked that the judgment be set aside, and for injunctive relief, temporary and permanent, against the enforcement of the judgment by execution.

An answer to the bill was filed by Elizabeth A. Layton, and later, by leave of the Chancellor, was withdrawn and a plea in bar substituted therefor. By the plea it was alleged that at the term of the Superior Court held after the judgment had been obtained, the complainant had filed in that court a petition for a rule against Elizabeth A. Layton to take off the judgment, based upon accident and mistake. This petition of the complainant and the proceedings thereunder were made a part of the plea. The petition was not essentially different from the bill of complaint filed in the cause in this court, except that in paragraph 5 of the petition it was stated that the summons in the action of Elizabeth A. Layton against the complainant "was regularly issued, served and returned." From the record of the Superior Court it appears that interrogatories directed to Elizabeth A. Layton were filed

and a commission to take depositions for use at the hearing of the rule was executed and returned. By the record it simply appears that the rule was discharged. The plea further avers that the matters decided by the Superior Court on the rule were the same matters set out in the bill, and that the discharge of the rule bound the parties.

A replication to the plea was filed denying that the Superior Court had heard any evidence on the rule, or considered the merits, and averring that it decided the rule solely upon the allegation of the petition to the effect that the summons had been regularly issued, served and returned.

On April 4, 1919, the plea was heard by the Chancellor upon exhibits and oral testimony produced before him. The only testimony outside the record of the Superior Court, which record included the interrogatories and deposition of Elizabeth A. Layton, was a transcript of some notes taken at the hearing of the rule by the court stenographer, who as a witness stated that they were such notes as he usually takes of arguments before the court, in order to properly report any question of law raised at the hearing which could be deemed proper to be reported by the court; but the court stenographer expressly stated, that they were not a verbatim report of what was said, and did not include all that was said by the court or counsel at the hearing of the rule. These notes were, by agreement of counsel, admitted in evidence subject to be stricken out if after further argument they were held to be inadmissible, and if not admissible were not to be considered by the court.

> *Woodburn Martin*, and *Levin Irving Handy*, for complainant.
> *David J. Reinhardt*, for defendant, Elizabeth A. Layton.

THE CHANCELLOR. The issue before this court is whether the plea of *res adjudicata* has been proved. In general a plea that another court having jurisdiction of the parties and subject-matter had determined the issues between the parties is, if sustained, a bar to any judicial determination of the same matters by another court other than an appellate court. *Worknot v. Millen's Adm'r.,* 1 *Har.* 139; *Cochran v. Couper,* 2 *Del. Ch.* 27; *Jones v. Warner,* 2 *Boyce,* 567, 83 *Atl.* 131; *Sill v. Kentucky, etc., Co.,* 11 *Del. Ch.* 93, 97 *Atl.* 617.

It is urged for the complainant that there were two grounds urged before the Superior Court for setting aside the judgment by default: (1) The mistake made by the complainant when the summons was read to him by the sheriff; and (2) the statement, or promise, of Elizabeth A. Layton made to the complainant which misled him to believe that he had been sued by Landreth L. Layton, when in fact he had been sued by her; that the Superior Court had by statute jurisdiction to decide the first ground, and as to it the decision of the Superior Court was final, so far as this court is concerned; but that the second ground was not properly cognizable in a court of law, being purely an equitable right enforceable only in an equity court, and hence whether adjudicated in the Superior Court, or not, this court still has jurisdiction to hear and decide the matter, viz.: whether the complainant was then entitled to have annulled the judgment obtained against him by default and be let into a defense because he was misled by the statements or promises of Elizabeth A. Layton.

To support the view that even if the Superior Court did have, and take, jurisdiction of the second ground, the equitable one, still a court of equity may hear and determine the same matter, it is urged that being a summary proceeding the decision there would not be binding here, and several forcible decisions are cited. *Simson v. Hart*, 14 *Johns.* (*N. Y.*) 63; *Arden v. Patterson*, 5 *Johns. Ch.* (*N. Y.*) 44; *Fanning v. Dunham*, 5 *Johns. Ch.* (*N. Y.*)122, 9 *Am. Dec.* 283; *Murray v. Murray*, 5 *Johns. Ch.* (*N. Y.*) 73; *Pollock v. Gilbert*, 16 *Ga.* 398, 60 *Am. Dec.* 732; *Hughes v. Nelson*, 29 *N. J. Eq.* 547; *Ferriday v. Selcer*, 1 *Freem. Ch.* (*Miss.*) 258; *Buchanan v. Banks*, 203 *Pa.* 599, 53 *Atl.* 500; *Johnson v. Stockham*, 89 *Md.* 368, 43 *Atl.* 943. But it is not necessary to take this view, even if it be a sound one.

It certainly is not clear from the record that the Superior Court in discharging the rule passed on the equitable question. No reason was in fact stated in the order discharging the rule, and no opinion, or official statement by the court, was filed. There were produced in this court notes taken by the official stenographer of some of the statements of the judges and of the attorneys at the hearing of the rule. But it is admittedly incomplete and,

therefore, not entirely authoritative as to what reasons the court had for discharging the rule.

It may safely be assumed that if the jurisdiction to vacate the judgment be vested in the Court of Chancery, then it may also be assumed that the Superior Court did not decide the equitable question raised, even though depositions were taken and presented at the hearing on the equitable grounds alleged, for if it did not have jurisdiction the depositions would not be considered by it.

The line between the powers which a court of law has to relieve against the misuse of its processes by litigants and the powers of a court of equity for the same purpose is very clearly defined and established, so far as this case is concerned. The rule is this: When in a court of law all the issues are legal, and the defense is legal and not an equitable one unavailable at law, still a court of equity has jurisdiction to set aside a judgment obtained in the suit in case there be some equitable ground arising out of, or connected with, the trial itself. A typical instance is where the defendant having a valid legal defense on the merits was prevented from maintaining it by fraud on the part of the adversary, or by mistake resulting from conduct of the adversary. The rationale of this doctrine is stated in 5 *Pomeroy's Equity Jurisprudence*, (*2d. Ed.*) § 648:

"The ground for the exercise of this jurisdiction is that there has been no fair adversary trial at law. Consequently a distinction is made between fraud, accident, mistake and the like relating to the subject-matter of the action and similar elements relating to the conduct of the suit. Fraud relating to the subject-matter is not of itself sufficient ground for relief. Where it relates to the conduct of the suit, as where it prevents a party from asserting his rights, there is no fair adversary proceeding, and equity will interfere. The courts commonly speak of the former class as intrinsic and of the latter as extrinsic, fraud, etc. Thus, it is generally said that it is extrinsic fraud, mistake and the like which are grounds for relief."

This statement is supported by many authorities cited by the author. In *Crouse v. McVickar*, 207 *N. Y.* 213, 100 *N. E.* 697, 45 *L. R. A.* (*N. S.*)1159, the court said that the fraud for which a judgment can be impeached in equity is "in some matter other than the issue in controversy in the action." In *Whitcomb v. Schultz*, 223 *Fed.* 268, 274, 138 *C. C. A.* 510, 516, it was said: "The fraud must relate to the procuring of the judgment or decree,

and not the transaction which was the basis of the decree;" and the court in *Boulton v. Scott*, 3 *N. J. Eq.* 231, 236, said that this "has been the practice of this court from the earliest periods of its history."

Applied to this case, this principle gives to the Court of Chancery jurisdiction to vacate the judgment based on the conduct of the plaintiff in the action at law, whereby, as is alleged, the complainant here, the defendant there, failed to make his defense there, relying on the representations or promises of the plaintiff. The fraud was related not to the subject-matter of the action at law, but was extrinsic thereto, and was related to the procuring of the judgment in that action.

The law courts in Delaware have not uniformly observed the line of demarkation between their powers and those of the Court of Chancery. It was done in *Woodward v. Arlington, etc., Co.*, 2 *Pennewill*, 188, 44 *Atl.* 620, where the Superior Court refused to vacate a judgment against a corporation, though it had been alleged that the suit was not defended because of fraudulent collusion between the plaintiff in the suit and other officers of the corporation. It was declared that the subject-matter was cognizable in equity. On the other hand, in *Townsend v. Townsend*, 5 *Harr.* 20, the court of law refused to open a judgment entered on a bond, though it was alleged that fraud and imposition were practiced on the obligor in the making of the bond, and said it was ground for relief in equity. So also in *Duncan v. Richardson*, 1 *Marvel*, 372, 41 *Atl.* 75, the Superior Court held that the Court of Chancery had jurisdiction to give relief against a judgment entered on a bond obtained by fraudulent representations.

The Chancellors of Delaware have kept within the limits of their powers to vacate a judgment at law (*Conner v. Pennington*, 1 *Del. Ch.* 177; *Kersey v. Rash*, 3 *Del. Ch.* 321; and *Plunkett v. Dillon*, 3 *Del .Ch.* 496); but not so clearly so in *Whitaker v. Wickersham*, 5 *Del. Ch.* 187.

In the case of *Kersey v. Rash*, 3 *Del. Ch.* 321, Chancellor Bates, after a full consideration of numerous decisions, pointed out the difference between the powers and duties of the Court of Chancery to relieve a defendant in an action at law against whom there has been entered a judgment at law, (1) where a defendant has an

equitable defense not cognizable at law, and (2) where he has a defense available at law. In the former case he found that equity will always give relief against the judgment, but in the latter case will not grant relief unless it appear that the grounds of defense or evidence cognizable at law were not used at the trial there because the defendant was prevented from availing himself of such grounds of defense or evidence either by fraud, or surprise, or what in the sense of courts of equity is termed accident, and without any neglect or default on the part of himself, or his agents.

Whatever may have been the deviations therefrom, it is well to stand firmly by a long established rule, clearly defined and easily applicable.

Applying this rule here, the conclusion is that the plea does not show a prior adjudication in the Superior Court of the equitable ground alleged in the bill for vacating the judgment. Of course no opinion is expressed as to the sufficiency of the ground.

Therefore the plea will be overruled, and the defendants required to answer the bill.