# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| J.M.L., INC., a Delaware Corporation, and Lawrence Gillen, an individual, | ) ) ) | |
| Appellants, | ) ) ) | |
| v. | ) ) ) | C.A. No. N17A-09-004 FWW |
| SHOPPES OF MOUNT PLEASANT, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) | |
| Appellee. | ) ) | |

Submitted: January 23, 2018
Decided: April, 30, 2018

On Appeal from the Court of Common Pleas:

**AFFIRMED.**

**<u>ORDER</u>**

Lawrence P. Gillen, *pro se*, PO Box 674, Middletown, Delaware 19709; Appellant.

Josiah R. Wolcott, Esquire, Connolly Gallagher, LLP, 267 East Main Street, Newark, Delaware 19711; Attorney for Appellee.

**WHARTON, J.**

This 30th day of April, 2018, upon consideration of Appellant Lawrence Gillen's ("Gillen") Opening Brief,[1] the Answering Brief of Appellee Shoppes of Mount Pleasant, LLC ("Shoppes"), Gillen's Reply Brief, and the record, it appears to the Court that:

1.      The underlying complaint in this appeal was for breach of contract.[2] Judgment was entered in favor of the plaintiff, Shoppes, and affirmed as to liability by the this Court.[3] In its decision, the Court of Common Pleas ("Trial Court") found that Gillen signed as a personal guarantor of J.M.L., Inc.'s payment obligations under a lease between the parties.[4] That finding is the genesis of the current round of litigation.

2.      On March 15, 2017, Gillen filed a motion to vacate ("Motion") the judgments entered by the Trial Court in favor of Shoppes.[5] Gillen maintained, as he did at trial, that he did not sign the lease at issue as a personal guarantor, nor was there a provision for a personal guarantor in the lease.[6] In the Motion, Gillen argued

---

[1] Gillen, acting *pro se*, is the sole appellant. J.M.L., Inc. is an unrepresented corporation and, thus, is not an appellant in this appeal.
[2] *Shoppes of Mount Pleasant, LLC v. J.M.L., Inc.*, 2017 WL 3605355, at *1 (Del. C. P.).
[3] *J.M.L., Inc. & Lawrence Gillen v. Shoppes of Mount Pleasant, LLC*, 2016 WL 6072367 (Del. Super.).
[4] *Shoppes of Mount Pleasant, LLC v. J.M.L., Inc.*, 2015 WL 3824118, at *2 (Del. C. P.).
[5] Appellee's Answering Br., D.I. 8 at 2.
[6] *Id.* at 3.

that Shoppes defrauded the Trial Court by submitting a fraudulent copy of the lease between J.M.L., Inc. and Shoppes.[7] As proof of Shoppes' fraud, Gillen presented the Trial Court with a copy of the lease found in the files of the Office of the Alcoholic Beverage Control Commission ("OABCC"), which did not contain a line for a personal guarantor.[8]

3. Gillen also argued that the applicable standard for his Motion was Court of Common Pleas Civil Rule 60(b)(3) - fraud on the Court.[9] Gillen maintained that the fact the lease was fraudulent was sufficient in and of itself to warrant vacating the judgment or, at the least, reopening the case for an evidentiary hearing.[10]

4. Shoppes opposed the Motion, arguing that Gillen failed to prove the necessary elements of fraud and that his argument lacked trustworthiness.[11] Specifically, Shoppes argued that Gillen's assertion of fraud was conclusory and that Gillen failed to prove he was unaware of the lease filed with OABCC, or that he could not have obtained a copy of the alternative lease through the exercise of due diligence.[12] Additionally, Shoppes challenged the validity of Gillen's purported

---

[7] Appellant's Opening Br., D.I. 7 at 7-8.
[8] *Id.* at 4.
[9] *See Shoppes*, 2017 WL 3605355 at *3.
[10] *Id.*
[11] *Id.*
[12] *Id.*

3

OABCC lease because the bottom of the final page was cut off; the last page being on letter-sized paper, while the rest of the lease was on legal-sized paper.[13]

5. After oral argument, the Trial Court held that Rule 60(b)(2),[14] dealing with newly discovered evidence, not Rule 60(b)(3),[15] dealing with fraud, was the applicable rule. According to the Trial Court, under Rule 60(b)(3) "relief will not be granted for fraud…that would be revealed in the normal judicial process, but will be granted when fraud…impairs the judicial process itself."[16] Therefore, "the primary distinction between the newly-discovered evidence rule and fraud is whether the allegation was properly sifted through the adversarial process."[17] Gillen's failed defense was not an injury to the process; he was afforded a fair and reasonable opportunity to test evidence and present and support his defense.[18] The Trial Court concluded that the discovery of new evidence, here the OABCC lease,

---

[13] *Id.*

[14] CCP Civ. R. 60(b)(2): "On a motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

[15] CCP Civ. R. 60(b)(3): "On a motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party."

[16] *Shoppes*, 2017 WL 3605355 at *5 (quoting *Smith & Loveless, Inc. v. JJID, Inc.*, 2016 WL 3929867 at *10 (Del. Super. Jul. 16, 2016)).

[17] *Shoppes*, 2017 WL 3605355 at *5.

[18] *Id.* at 6.

4

to support the defense must be tested under Rule 60(b)(2), particularly where the evidence merely buttresses an existing defense.[19]

6.     The Trial Court denied Gillen's Motion because he failed to meet his burden under Rule 60(b)(2).[20] First, Gillen could not demonstrate that the OABCC lease came to his knowledge since trial. Rather, both parties acknowledged knowing the OABCC had a copy of the lease back to 2005.[21] Second, the Trial Court noted the ease with which Gillen could have obtained the OABCC lease in advance of trial.[22] Even assuming Gillen acted with reasonable diligence and failed to discover the evidence, the Trial Court still found that he could not demonstrate that the newly discovered evidence was material and would change the outcome of the trial.[23] The Trial Court concluded that permitting Gillen to introduce the new evidence would allow him a second opportunity to present the case he should have presented at trial.[24]

7.     On September 11, 2017, Gillen appealed the Trial Court's decision.[25] Gillen argues: (1) that Shoppes committed a fraud upon the Court by submitting a

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 7.
[23] *Id.*
[24] *Id.* at 8-9.
[25] Appellee's Answering Br., D.I. 8 at 2.

fraudulent copy of the lease which included Gillen as a personal guarantor, and (2) that Rule 60(b)(3) is the correct standard because Shoppes committed a fraud.[26]

8. In answer, Shoppes argues that Gillen's appeal is meritless.[27] Shoppes maintains that the Trial Court did not err in analyzing the Motion under Rule 60(b)(2).[28] Rule 60(b)(3) relates to fraud which impairs the judicial process itself, such as where one is prevented from maintaining a defense.[29] At trial, according to Shoppes, Gillen was not prevented from maintaining his defense; instead his defense failed, and he merely was offering new evidence in support of that failed defense.[30] Furthermore, Shoppes argues that the Trial Court did not abuse its discretion in denying the Motion because Gillen could not satisfy the elements of either Rule 60(b)(2) or Rule 60(b)(3).[31]

9. The standard of review by the Superior Court for an appeal from the Court of Common Pleas is the same standard applied by the Supreme Court to appeals from the Superior Court.[32] In addressing appeals from the Court of Common Pleas, this Court is limited to correcting errors of law and determining whether

---

[26] Appellant's Opening Br., D.I. 7 at 7, 18.
[27] Appellee's Answering Br., D.I. 8 at 1.
[28] *Id.*
[29] *Id.* at 6-7.
[30] *Id.* at 7.
[31] *Id.* at 8-10.
[32] *Robert J. Smith Co., Inc. v. Thomas,* 2001 WL 1729143 at *2 (Del. Super.).

6

substantial evidence exists to support factual findings.[33] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[34] If factual findings are "sufficiently supported by the record and are the product of an orderly and logical[ly] deductive process," then they will not be challenged.[35] Questions of law are reviewed *de novo*.[36] Moreover, the standard of review of an order denying a motion to vacate a judgment based on newly discovered evidence under Rule 60(b)(2) is abuse of discretion.[37]

10. The Court finds that the Trial Court did not err in concluding that Rule 60(b)(2) is the applicable rule. "A Rule 60(b)(3) motion is reserved for situations where a party has engaged in fraud or misrepresentation that prevents the moving party from fairly and adequately presenting his or her case."[38] The Trial Court

---

[33] *Henry v. Nissan Motors Acceptance Corp.*, 1998 WL 961759 at *1 (Del. Super.) (citing *Shahan v. Landing*, 643 A.2d 1357, 1359 (Del. Super. 1994)).

[34] *Thomas*, 2001 WL 1729143 at *2 (citing *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[35] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[36] *Henry*, 1998 WL 961759 at *1.

[37] *See Albu Trading, Inc. v. Allen Family Foods, Inc.*, 2002 WL 31681803 at *1 (Del.).

[38] *Anderson v. State*, 21 A.3d 52, 60 (Del. 2011) (quoting *MCA, Inc. v. Matsushita Elec. Indus. Co.*, 785 A.2d 625, 639 (Del.2001)). *See also Smith & Loveless, Inc. v. JJID, Inc.*, 2016 WL 3929867 at *10 (Del. Super.) ("Relief would be appropriate where a defendant with a valid legal defense was prevented from maintaining the defense by fraud, misrepresentation, or mistake... relief will not be granted for fraud, misrepresentations, or misconduct that would be revealed in the normal judicial process, but will be granted when fraud, misrepresentations, or misconduct impairs the judicial process itself."); *Hudson v. Layton*, 107 A. 785, 787 (Del. Ch. 1919) ("The ground for the exercise of this jurisdiction is that there has been no

7

similarly interpreted Rule 60(b)(3) and determined that it was not applicable.[39] Here, no fraud undermined the judicial process. Gillen was able to present his personal guarantor defense – it just failed.[40] The Trial Court concluded, and this Court agrees, that a failed defense is not an injury to the process.[41] The Trial Court also was correct that Gillen's Motion would not fall under Rule 60(b)(3). Rather, Rule 60(b)(2) was the more appropriate rule. "The discovery of evidence to support the defense must logically fall under Rule 60(b)(2), particularly where the evidence buttressed an existing defense, rather than create grounds for a new theory of the case."[42] Gillen had the ability to prepare and support his personal guarantor defense at trial. The OABCC lease merely supports Gillen's trial defense. The Trial Court's decision that the Motion would be analyzed under 60(b)(2), is not in error, much less an abuse of discretion.

---

fair adversary trial at law. Consequently, a distinction is made between fraud, accident, mistake and the like relating to the subject-matter of the action and similar elements relating to the conduct of the suit. Fraud relating to the subject-matter is not of itself sufficient ground for relief. Where it relates to the conduct of the suit, as where it prevents a party from asserting his rights, there is no fair adversary proceeding, and equity will interfere. The courts commonly speak of the former class as intrinsic and of the latter as extrinsic, fraud, etc. Thus, it is generally said that it is extrinsic fraud, mistake and the like which are grounds for relief.").

[39] *Shoppes*, 2017 WL 3605355 at *5-6.
[40] *Id.*
[41] *Id.*
[42] *Id.* at 6.

8

11.    The Court finds that the Trial Court did not abuse its discretion in denying the Motion.  There was substantial evidence to support the Trial Court's finding that Gillen failed to meet his burden of proving any reasonable grounds for relief under Rule 60(b)(2).  The predicates for relief under Rule 60(b)(2) are that the newly discovered evidence: (1) has come to the [proponent's] knowledge since the trial; (2) could not, in the exercise of reasonable diligence, have been discovered for use at trial; (3) is so material and relevant that it would probably change the result if a new trial were granted; (4) is not merely cumulative or impeaching in character; and (5) there is a reasonable possibility that the evidence will be produced at trial.[43]

12.    The Trial Court found that Gillen, prior to trial, knew OABCC had a copy of the lease and he easily could have obtained it in advance of trial, since a copy of the lease was required for OABCC to process Gillen's application for a liquor license.[44]  Gillen, however, declined to pursue that avenue of investigation as he believed the OABCC lease was no different than what would be offered at trial.[45]  Thus, Gillen failed to establish the first two Rule 60(b)(2) requirements—absence of prior knowledge and inability to obtain in the exercise of reasonable diligence.  Those failures alone are sufficient to deny Gillen's Motion.

---

[43] *Smith & Loveless, Inc. v. JJID, Inc.*, 2016 WL 3929867 at *10 (Del. Super.) (quoting *Hudson v. Layton*, 107 A. 785 787 (Del. Ch. 1919)).
[44] *Shoppes*, 2017 WL 3605355 at *6-7.
[45] *Id.* at 7.

13.     As to the third and fourth requirements the evidence supports the Trial Court's conclusion that the newly discovered evidence was not material, but merely cumulative.  The burden of proving the materiality of newly discovered evidence is high; there must be a fair probability of the evidence changing the outcome of the trial.[46]  Here, the newly-discovered evidence raised three additional facts: the date is in a different format; the signatures between the two leases all appear to be different; and the OABCC lease does not contain a provision for a personal guarantor.[47]  Rule 60(b)(2), was not meant to bolster failed defenses, however.  Gillen already raised the forged signature allegation.  The "newly discovered evidence" was merely an attempt to present his case a second time. The Trial Court properly found the newly-discovered evidence to be cumulative and, as a result, immaterial.

14.     The Trial Court also noted that the "newly discovered evidence" would not perfect Gillen's defense, but only would raise an issue of credibility.[48]  The Trial Court had already determined credibility in favor of Shoppes and the additional facts did not change that determination.[49]  Since the Trial Court made the original credibility determination, it was best positioned to judge the impact the proposed new evidence would have had on that determination.  Accordingly, the Court finds

---

[46] *Id.*
[47] *Id.*
[48] *Id.* at 8.
[49] *Id.*

10

that the Trial Court's conclusion was the result of an orderly and deductive process, supported by substantial evidence, and not an abuse of discretion. This Court will not disturb the Trial Court's decision.

**THEREFORE,** the decision of the Court of Common Pleas is **AFFIRMED**.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.