LAWRENCE. The (UNITED STATES v.). See Case No. 15,571.

LAWRENCE (UNITED STATES v.). See Cases Nos. 8,122, 15,572–15,577.

## Case No. 8,146.

### LAWRENCE et al. v. VERNON.

[3 Sumn. 20.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1837.

RES JUDICATA—ON THE MERITS—SAME EVIDENCE TO SUPPORT—DIFFERENT WRITS.

1. A judgment on the merits in a personal action is a bar to another action on the same claim, and between the same parties, though the forms of the two actions be not the same.

[Cited in Fifield v. Edwards, 39 Mich. 267; Wright v. Griffey, 147 Ill. 500, 35 N. E. 733.]

2. It is the same cause of action, where the same evidence will support both actions, although grounded on different writs.

3. In an action by L. A. & B. to recover of the defendant his proportion of a sum of money paid by the plaintiffs for widening the upper and lower end of a street, upon which the defendant was an abutter, the jury found, "that the defendant promised, so far as to make himself liable for the damages incurred by widening the upper part of Doane street." *Held*, that the judgment on this verdict was not a bar to a subsequent action brought by L. & A. (two of the former plaintiffs) against the defendant for contribution, on account of the widening of the lower end of the same street.

[Cited in Gayer v. Parker, 24 Neb. 645, 39 N. W. 846; Oleson v. Merrihew. 45 Wis. 401; Kitson v. Hillabold, 95 Ind. 139.]

Assumpsit to recover a sum of money alleged to be due to the plaintiffs [William Lawrence and Benjamin Adams] from the defendant [William Vernon], as his proportion of a large sum of money paid by them for widening the lower end of Doane street, upon which the defendant was an abutter and owner of real estate. Plea the general issue. At the trial the defendant offered in evidence the record of a former action brought by William Lawrence and Benjamin Adams (the present plaintiffs) and one Thomas Lamb, against the present defendant, in which the plaintiffs sought to recover

a certain sum of money asserted to have been paid by the plaintiffs in that action for the defendant, as his proportion of a sum of money paid for the widening of the upper and lower ends of Doane street, upon which the defendant was an abutter and owner of real estate. In that action, which was tried at October term, 1836, in this court, the jury found a verdict for the plaintiffs for the sum of $2,500, upon which judgment was rendered for the plaintiffs. And in explanation of their verdict the jury further found, "that the defendant promised, so far as to make himself liable for the damages incurred by widening the upper part of Doane street;" and upon that basis their verdict was given for the sum of $2,500.[2] It was contended by the defendant that this record was conclusive against the claim of the plaintiffs in the present action, as the declaration in the former action embraced the claim for widening both the upper and the lower ends of Doane street; and the jury, by their verdict, had negatived the claim as to the widening the lower end. The record was admitted to go to the jury. But it was ruled by the court, that the record and judgment so offered were not a bar to the present suit. The whole evidence in the cause then went to the jury, who returned a verdict in favor of the present plaintiffs for the sum of $2,-732.88, as a sum due from the defendant for widening the lower end of Doane street. Afterwards the defendant moved for a new trial on the ground that the former judgment was of itself a bar to the present action; and that the court, in refusing so to charge, had misdirected the jury.

C. P. Curtis and J. Pickering, for plaintiffs.

Peabody & Minot, for defendant.

STORY, Circuit Justice. The sole question is, whether the judgment in the former action is, under the circumstances, a good bar to the present claim, and ought so to have been ruled at the trial before the jury. It is said, and I believe truly, that substantially the same evidence upon all the points in controversy was laid before the jury at each trial; and that, therefore, it is apparent that the questions were the same in each case; and the former verdict and judgment under such circumstances are a complete bar. I agree, that, where a former verdict and judgment have been given upon the same claim, in a personal action, between the same parties, upon the merits, it is a good bar to a second action for that claim.

---

[1] [Reported by Charles Sumner, Esq.]

[2] Upon the trial of the first cause, the main question was whether the defendant was liable for the money paid for the widening of the lower end of Doane street. After all the evidence was offered by the plaintiffs, the defendant's counsel moved for a nonsuit. The court refused it, considering that there was evidence before the jury proper for their consideration on both parts of the claim: and there could not be a nonsuit if any part of the claim was established.

And it is by no means necessary that the form of action should be the same in each case, if the merits of the whole claim have been substantially tried in the first action. The case of Hitchin v. Campbell, 2 W. Bl. 827, 828 (Same Case, 3 Wils. 304), sufficiently establishes that doctrine, and affords a strong illustration of it. In that case the first action was trover for the conversion of certain goods brought by the plaintiffs, as assignees of a bankrupt, against the defendant, who was sheriff of Surrey, and the second action was for money had and received, the proceeds of the sale of the same goods sold by the same defendant. In the former suit a verdict and judgment were given for the defendant; and the court held that they were a good bar to the present suit. The court said, that a party shall not bring the same cause of action twice to a final determination. "Nemo debet bis vexari pro eadem causa." What is meant by the same cause of action is, where the same evidence will support both actions, although the actions may happen to be grounded on different writs. This is the test to know, whether a final determination in a former action is a bar or not to a subsequent action. And the court relied in support of this doctrine upon Ferrer's Case, 6 Coke, 7, where it was resolved, "that when one is barred in any action, real or personal, by judgment upon demurrer, confession, verdict, &c., he is barred as to that or the like action, of the like nature, for the same thing for ever"; for "Expedit reipublicae ut sit finis litium." The court added, "Nemo debet bis vexari," is the general rule, to which there are some exceptions; as, where a man mistakes his action by suing an administrator, when in truth he is an executor. So, also, there is no question, that, if a man mistakes his declaration, and the defendant demurs and has judgment, the plaintiff may set it right in a second action. But the principal consideration is, whether it be precisely the same cause of action in both.

Such is the substance of the doctrine asserted by the court on this point, as it appears in the reports in 2 W. Bl. 827, and 3 Wils. 304. I see no reason whatsoever to be dissatisfied with it; but, on the contrary, I fully concur in it. But it is important to consider, that both of the actions in that case were between the same identical parties, and no others; and that in each the sole question was, as to the property in the goods; and in each case, as the property was found to belong to the plaintiff or to the defendant, the verdict must be in his favor. The plaintiff, having elected to proceed in tort, and had a decision against him upon the merits, was not entitled to turn round and retry the same question, and none other, in another action.

But the present case is totally different in character and results. The parties are not the same. The causes of action are not the same. The parties, plaintiffs in the former suit, were Lawrence, Adams, and Lamb; in the present suit, Lawrence and Adams only. In the former suit the promise was alleged to be to three persons; and unless a joint promise was proved to all three, that action was not maintainable; for nothing is better settled than the doctrine, that in assumpsit on a joint promise to three, a promise to all jointly must be proved. A promise to two or one of the plaintiffs will not maintain the suit. Upon this plain ground a promise, if proved, in the former suit to Lawrence and Adams alone, would not have entitled the plaintiffs in that suit to a verdict. On the contrary, the verdict must have been, under such circumstances, for the defendant. Nay, in the former suit the verdict of the jury for the defendant may have proceeded upon the very ground, which, in the present action, would entitle the plaintiffs to recover, viz. that the promise as to the lower end of Doane street was to Lawrence and Adams alone, and not to Lawrence, Adams, and Lamb. In point of fact, too, it appeared at both trials that the money was paid directly by Lawrence and Adams, and not by Lamb, for the opening of the lower end of Doane street. But I lay no stress on this circumstance. What I do lay stress on is the finding of the jury, that there was no promise to the three plaintiffs to pay the money for opening the lower end of Doane street. But that is quite consistent with the fact, that there was a promise to pay to two of them (the present plaintiffs) that sum. And if that were so, then the very ground, upon which the former verdict was found for the defendant, furnishes the clearest proof of a right to recover in the present suit; for the merits of the present suit were not and could not in such a state of facts be tried in the former. Suppose a demurrer had been filed in the former suit, upon which judgment had passed for the defendants; surely it would not be contended, that such a judgment would bar the present suit; that a judgment, in a suit brought by three, could bar a suit brought by two on contract. I agree, also, that the true test, generally, though perhaps not universally, whether the causes of action are the same, is whether the same evidence will support each. Lord Eldon so held in Martin v. Kennedy, 2 Bos. & P. 71. But, tried by this test, the argument of the learned counsel must fail. The question is not, whether the same evidence was offered or produced in each case; but whether the same evidence would support each case. Now, the evidence necessary to maintain the former case was the proof of a joint promise, a promise by the defendant to pay all three plaintiffs, Lawrence, Adams, and Lamb. Evidence of a promise to pay two of them, viz. Lawrence and Adams, would not have sustained that action. Yet that evidence would clearly sustain the present action. So that it is clear, that the

same evidence would not support both actions. The infirmity of the argument is, that it confounds the evidence offered in an action conducing to establish the facts necessary to support it, with the evidence indispensable to support it in point of law. Evidence may be offered in a cause conducing to prove a promise to three, and yet it may satisfactorily prove only a promise to two. The law in such a case holds, that the evidence of a promise to two, will not support an action by the three. How, then, can we say, that the evidence to maintain both actions, that is, the facts necessary to maintain both actions, are the same?

The case of Sheehy v. Mandeville, 6 Cranch [10 U. S.] 253, 264, 265, affords no inconsiderable light as to the opinion of the supreme court of the United States, upon the effect of a former judgment upon the same cause of action. In that case, it seems to have been thought, that a former judgment, obtained by the plaintiff against one partner upon a joint contract, was no bar to a subsequent action against both of the partners upon the same contract. And it was decided in the same case, that, at all events, it could not be set up as a bar in a several plea by the partner not sued in the former action. That case is much stronger than the present; for in a suit upon a joint contract against one promisor, the nonjoinder of the other promisor is pleadable in abatement only, and not in bar; whereas if all the proper plaintiffs do not sue, it is a fatal objection upon the trial. This doctrine was a good deal commented on in Lechmere v. Fletcher, 1 Cromp. & M. 623, where the court thought, that, if a contract was joint only, and not joint and several, a former judgment against one of the promisors might be a good bar to a second suit against both promisors; not, indeed, upon principle, but upon the ground of a technical difficulty in making the proper parties, since the defendant in the former suit might plead the former several judgment against himself in bar of the joint action against himself; and if that judgment should be a merger of the contract as to the party against whom the judgment was had, it would be fatal in the second suit, as the plaintiff would have sued more defendants than were liable in that suit. The case of Robertson v. Smith, 18 Johns. 459, is directly in point on this head. The same subject came before the circuit court in U. S. v. Cushman [Case No. 14,908], for consideration. I do not dwell upon the reasoning or authorities there stated; but I will add, that, upon further reflection, I adhere to the doctrine there decided. The case of Robertson v. Smith, 18 Johns. 459, is in direct conflict with that of Sheehy v. Mandeville [supra] on its leading point; though, if I were compelled to decide between them, my judicial opinion would be authoritatively bound up by the latter. But what I cite Sheehy v. Mandeville for is, that it shows

that, even where the cause of action is the same, if the parties are not the same in each suit, the former judgment is not necessarily a merger of the contract so as to bar the second suit; that, to operate as such a positive bar, it must be a judgment between the same parties. In short, the same evidence will not, or at least may not, support each action. Proof of a several contract will not establish a joint contract; though proof of a joint contract may establish a several liability. So far as the case of Sheehy v. Mandeville goes, it is authority against the argument of the defendant in the present case.

Upon the whole, and upon the most mature reflection upon this subject, I am satisfied that the ruling of the court at the trial was correct. My only regret is, that the learned counsel have not an opportunity, from the position of the cause, to take the opinion of the supreme court of the United States upon the point. Motion for a new trial overruled.