Casey, Oh. J.,
dissenting:
The petition in this and in the former case set forth the same cause of action. Every material and substantive allegation in this petition has its copy and counterpart in the former. The same contract is sued upon, the same breach is assigned, and the same damages are claimed. The general demurrer to the former petition admitted these facts. The judgment in favor of the defendant was upon the merits. The act of March 3, 1863, section 7, says this judgment is final. It would have been so without this statutory provision. For the very point was decided by the Supreme Court of the United States in Durant v. Essex County, (7 Wall, 107.) A decree dismissing a bill which is absolute in its terms is a bar to another suit between the same parties. To the same effect are Stockton v. Ford, (18 How., 418,) and Fourniquet v. Perkins, (7 How., 160.)
In Goodrich v. The City of Chicago, (5 Wall, 566,) the very point is ruled. That was a suit in the State court, and judgment on general demurrer for the defendant. A libel then filed in admiralty in the district court of the United States for the same cause of action. The former judgment was pleaded in bar and held conclusive as res adjudieata. See Goodrich v. The City, (20 Ill. Rep., 405; Packet Company v. Sickles, 5 Wall, 580.) The same court announced the doctrine in a clear and comprehensive manner in Clearwater v. Meredith, (1 Wall, 25:) “ On demurrer to any of the pleadings which are in bar of the action, the judgment for either party is the same as it would have been on an issue of fact joined upon the same pleadings, and found in favor of the same part3. And judgment of nil capiat should be entered, notwithstanding there may be also one or more issues of fact, because upon the whole case it appears that the plaintiff has no cause of action.” (Gould on Pl., ch. IX, section 42 ; Tidd's Pr., 4th Am. Ed., 741-2.)
The same doctrine is maintained in Thompson v. Roberts, (24 How., 241; also, 10 Peters, 298.) The test whether the former judgment was for the same cause of action and operates as a bar, is when the same evidence will support either declaration or bill. Lawrence v. Vernon, (3 Sumn., 20.) A general demurrer admits every fact sufficiently pleaded. Commonwealth v. Cummings, (1 Wright Pa. Rep., 277;) Havens v. Hartford R. R. Co., (28 Conn., 69.) On general demurrer to a declaration judgment for *53 plaintiff, quod recuperet, for defendant nil capiat. Arch. Civ. Pl., 352; Murphy v. Richards, (5 W. & S. Pa. Rep., 279;) LeBret v. Papillon, (4 East., 502.) See also 2 Smith’s Lead. Gas., where the whole subject is exhausted, and all the English and American cases decided up to the publication of that work are reviewed. A judgment on general demurrer is as conclusive as on a verdict, (5 Bac. Ab. 460,) and embraces even an indictment. Where the judgment is against the defendant it is final, and execution goes against him. (11 Coke, 58; Roll. Rep., 89 ; 2 Hawk. P. C. C., 32.)
In the case of Hughes v. the United States, (4 Wall, 237,) Mr. Justice Field very tersely and concisely gives a summary of the whole law on this subject, as follows:
£! In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be.the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."’
This expresses the well-established rule upon this subject, and leaves not an atom of ground for the claim ant to stand upon in this case. The suit here pleaded in bar was, in this court, upon the same cause of action precisely, between the same parties, and decided upon its merits. There were no defects of parties, or forms, or pleadings, or jurisdiction in the former case. Everything material and substantive which he alleged then he avers now, and nothing more; everything which he proposes to prove now was admitted of record then; and the opinion of my brother Peck, in the former suit, shows clearly that the merits were fully considered and explicitly decided.
The conclusion here reached by a majority of the court, I think, is contrary to the well-established law; and contravenes the repeated adjudications of the Supreme Court of the United States in the cases cited; and especially that in Goodrich v. The City, (5 Wall, 566,) which, in principle, cannot be distinguished from this.
When this case comes up on the evidence, I may take occasion to examine into the soundness of the decision in the case of Daniel Wormer, (4 C. Cls. R., p. 258.) Being satisfied that the *54 case is res adjudicatei, I would discharge this rule and dismiss the petition.