HON. JAMES BARRETT,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. H. HENRY POWERS,

---

### CADE v. McFARLAND.

*Assault and Battery. Former Adjudication.*

In trespass for assault and battery, the defendant gave notice that he sued the plaintiff for the identical assault and battery declared upon, and recovered judgment against him, which he paid. *Held,* no bar.

TRESPASS for assault and battery. Plea, the general issue, and notice of former adjudication. Trial by jury, December Term, 1874, Ross, J., presiding. The notice alleged that McFarland had brought trespass for assault and battery against Cade, returnable before a justice, declaring upon the identical trespasses declared upon in this case, and which were the identical assault and battery here declared upon; that Cade appeared in said suit

and pleaded not guilty, and a trial by jury was had, and a verdict of guilty rendered,. and judgment thereon, which judgment Cade then and there paid and satisfied.

The notice. being read, the plaintiff objected that the subject-matter thereof constituted no defence to the action ; but the court held otherwise, to which the plaintiff excepted ; and thereupon the case was taken from the jury by consent, and judgment rendered for the defendant.

*T. Bartlett*, for the plaintiff, cited *Mellen* v. *Thompson*, 32 Vt. 407 ; 52 Ill. 365.

*W. W. Grout* (*Belden & Ide* with him), for the defendant, cited *Barney* v. *Goff & Cady*, 1 D. Chip. 304 ; *Hall* v. *Dana*, 2 Aik. 381 ; *Squires* v. *Whipple*, 2 Vt. 111 ; *Pierson* v. *Catlin*, 18 Vt. 77 ; *White* v. *Simonds, Conant & Co.* 33 Vt. 178 ; *Bemis* v. *Jennings*, 46 Vt. 45.

The opinion of the court was delivered by

POWERS, J.　The defendant's notice is incongruous upon its face.　It is absurd to say that the trespasses sued for in this suit were the *identical* trespasses declared on in the case of *McFarland* v. *Cade*.　We must determine the legal signification of the notice.　If it has any meaning, it is evident that the pleader claims that the trespasses now declared on grew out of the same transaction.　The same quarrel might give a cause of action to each combatant.　If A makes a trivial assault on B, and B in turn gives A an aggravated and excessive beating, B may recover for A's first assault, and A for the excessive beating.　B's excess of force could not be urged by A in answer to B's suit, because it did not precede A's act, and so is no justification.　The recovery by McFarland established the fact that this plaintiff made the first assault, but it does not necessarily bar this plaintiff's action.

Judgment reversed, and cause remanded.