James Williams, p. b. a., *v.* Royal Daisey, d. b. r.

*(October* 10, 1935.)

HARRINGTON, J., sitting.

*James M. Tunnell* for plaintiff below-appellant.

*Robert G. Houston* and *Houston Wilson* for defendant below respondent.

Superior Court for Sussex County, No. 18, April Term, 1933.

HARRINGTON, J., delivering the opinion of the Court:

In the *Dutchess of Kingston's Case,* 20 *St. Tr.* 361, it was held that the judgment of a court of concurrent jurisdiction directly upon the point was as a plea a bar or as evidence conclusive between the same parties upon the same matter directly in question in another court.

In *Worknot v. Millen's Adm'r,* 1 *Harr.* 139, in stating the same general rule, this court said: "If a point has been once litigated or at issue between the parties and be settled by a verdict or admission of a party, in any subsequent proceeding between the same parties, this point cannot be controverted."

In *Jones v. Charles Warner Co.,* 2 *Boyce* (25 *Del.*) 566, 83 *A.* 131, 134, in considering a somewhat similar question, this court, also, said: "The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to any issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action." See, also, *Jefferson v. Stuckert,* 12 *Del. Ch.* 34, 103 *A.* 870; *Sill v. Kentucky Coal, etc., Co.,* 11 *Del. Ch.* 93, 97 *A.* 617; *Hudson v. Layton,* 12 *Del. Ch.* 106, 107 *A.* 785; *Bigelow on Estoppel,* 100.

It, therefore, appears that the sum and substance of the whole doctrine of *res judicata,* on which these general rules are based, is that when a matter has once been litigated and judicially determined on its merits, whether in the same, or in a different court of competent jurisdiction, such determination is final between the same parties and their privies. *Southern Pac. R. Co. v. United States,* 168 *U. S.* 1, 50, *etc.,* 18 *S. Ct.* 18, 42 *L. Ed.* 355; *McCarthy v. William H. Wood Lumber Co.,* 219 *Mass.* 566, 107 *N. E.* 439; *Bower on Res Judicata,* 17, 179, note; 2 *Freeman on Judgments,* 1322; 41 *Am. Dec.* 682, note; 34 *C. J.* 744.

That rule is primarily a rule of public policy, founded on a Latin maxim, adopted by the common law, which, when translated, means that it is to the interest of the state that there should be an end to litigation. *Coca-Cola Co. v. Pepsi-Cola Co.,* 6 *W. W. Harr.* (36 *Del.*) 124, 172 *A.* 260; 2 *Freeman on Judg.* 1318, etc.; 34 *C. J.* 743.

Another and subordinate rule sometimes applied, but, perhaps, not applicable to the facts of this case, is also based on a Latin maxim adopted by the common law, and which, when translated, means that it would be a hardship on a person for him to be vexed twice for the same cause. *Coca-Cola Co. v. Pepsi-Cola Co.,* 6 *W. W. Harr.* (36 *Del.*) 124, 172 *A.* 260.

There are some distinctions between cases where the second action is on the same or on a different cause of action, (*Southern Pac. R. Co. v. United States,* 168 *U. S.* 1, 50, etc., 18 *S. Ct.* 18, 42 *L. Ed.* 355; *Ajax Rubber Co. v. Gam,* 3 *W. W. Harr.* [33 *Del.*] 73, 130 *A.* 395; *Hollis v. Morris,* 2 *Harr.* 128; *Ætna Life Ins. Co. v. Board of Com'rs* [*C. C. A.*], 117 *F.* 82) ; but generally speaking, in order for the *res judicata* rule to apply the identical issue of law or fact before the court must have been actually determined in the prior action.

In most cases this rule is not applicable, however, to matters which were not heard and determined in that action, or to matters which were, in fact, merely collateral or incidental to the real issue in the prior case, or merely to be inferred by way of argument, and not by necessary inference in order to support the verdict and judgment in that case. *Reynolds v. Stockton,* 140 *U. S.* 254, 11 *S. Ct.* 773, 35 *L. Ed.* 464; *Dutchess of Kingston's Case,* 20 *St. Tr.* 361; *Bigelow on Estoppel,* 175, etc., 184; *Bower on Res Judicata,* 115, 119, 175; 2 *Freeman on Judg.* 1452, 1457, 1460, 1465, etc.; 34 *C. J.* 802, 912, 932.

In this connection, the court in the *Dutchess of Kingston's Case,* 20 *St. Tr.* 361, said: "But neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter which comes collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."

Though, perhaps, usually invoked by the defendant, the *res judicata* rule applies in a proper case, whether relied on by the plaintiff or by the defendant. *Aurora City v. West,* 7 *Wall.* 82, 19 *L. Ed.* 42; *Bigelow on Estoppel,* 619, 914.

There are cases laying down a much less liberal rule, (*King v. Chase,* 15 *N. H.* 9, 41 *Am. Dec.* 675; *Bigelow on Estoppel,* 90; 41 *Am. Dec.* 682, *note;* 34 *C. J.* 921), but under the general rule in this country, when matters essential to the finding of a verdict have been actually litigated and determined, a judgment necessarily based thereon is conclusive in a subsequent action, though such facts were not clearly and specifically put in issue by the pleadings in the case. *Eastman v. Cooper,* 15 *Pick.* (*Mass.*) 276, 26 *Am. Dec.* 600; *Wood v. Jackson,* 8 *Wend.* (*N. Y.*) 9, 22 *Am. Dec.*

603; *Beall v. Pearre,* 12 *Md.* 550, 564; 2 *Freeman on Judg.* 1470; *Bigelow on Estoppel,* 90, 176, 177, 179; 41 *Am. Dec.* 682, *note;* 26 *Am. Dec.* 609, *note;* 34 *C. J.* 921.

Under this rule, when not inconsistent with the record, though not shown by it, appropriate evidence to prove what matters were in issue and actually litigated and determined in the former action may be produced. *Jefferson v. Stuckert et al.,* 12 *Del. Ch.* 34, 103 *A.* 870; *Hudson v. Layton,* 12 *Del. Ch.* 106, 107 *A.* 785; *Hollis v. Morris,* 2 *Harr.* 128; *Stean v. Anderson,* 4 *Harr.* 209; *Russell v. Place,* 94 *U. S.* 606, 24 *L. Ed.* 214; 2 *Freeman on Judg.* 1613, 1618, etc., 1638; 2 *Smith's Lead. Cas.* 919.

In fact, the general principles of the rules governing *res judicata* are well established; but particularly where the prior judgment is not in itself relied on as a complete bar to the subsequent action, the determination in the particular case of what matters of fact were necessarily in issue and determined by a prior verdict, and the judgment thereon, is often a matter of some difficulty. See *Russell v. Place,* 94 *U. S.* 606, 24 *L. Ed.* 214; 2 *Freeman on Judg.* 1324, 1425; *Bigelow on Estoppel,* 100.

In considering whether a former judgment as such in an action between the same parties is a bar to the subsequent action, the usual test applied is to determine whether the evidence in the second action would support the first judgment. *Lawrence v. Vernon, Fed. Cas. No.* 8,146, 3 *Sumn.* 20, 22; 2 *Freeman on Judg.* 1447; *Bigelow on Estop.* 94.

As was aptly said in Freeman in his work on Judgments, at page 1447: "The cause of action is the same when the evidence will support both actions; or rather the judgment in the former action will be a bar provided the

evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former."

When a plea of former acquittal or conviction is filed, somewhat similar principles are involved in determining whether a prior prosecution in a criminal action precludes a subsequent indictment and trial on another charge, but growing out of the same facts.

The prior offense must, however, be substantially identical with the offense subsequently charged, and, perhaps, the most correct test is to determine whether the defendant could have been convicted on the first occasion of the offense with which he is charged in the second indictment. *Bower on Res Judicata,* 35, 36, 121, etc., 124; Bigelow on *Estop.* 99; *State v. Townsend,* 2 *Harr.* 543.

■ Applying these general principles to the facts of this case, it is not denied that the parties to both this and the prior action are the same, and that such actions relate to precisely the same trespass or automobile collision in which both Daisey and Williams were involved.

Daisey, the defendant in this action, contends, however, that in the prior action the issue determined was merely whether Williams had run his car into and had, therefore, trespassed against his truck. That was the specific issue raised by the pleadings, but it clearly appears, both from the charge to the jury and from the stenographer's notes of the testimony in that case, that, while it was tacitly conceded that trespass had been committed by one of them, each claimed that the other was the guilty party.

The jury found a verdict of not guilty, and, therefore, for the defendant, Williams.

From that verdict, it follows necessarily, and not by mere argumentative inference, that the jury must have found, as a matter of fact, that Daisey ran his truck into the Williams car, and was, therefore, the trespasser.

The same general principle was involved in *Coles v. Carter*, 6 *Cow.* (*N. Y.*) 691. In that case the plaintiff sued the defendant in a civil action for assault and battery, and the defence set up in the plea was that the defendant had already sued the plaintiff and another person in an action for assault and battery on precisely the same charge, and a judgment had been entered in his favor. The case went off on a question of pleading, but it is clear that if it had been taken advantage of properly, the prior judgment would have been conclusive as to the rights of the parties.

I might, also, add that both *Cade v. McFarland*, 48 *Vt.* 47, and *The Calypso*, 1 *Swab. Ad.* 28, 166 *Eng. Repr.* 1000, involve questions of pleading, and are not inconsistent with this conclusion.

 This question was not strongly pressed by defendant's counsel, but under the common law rule, in order for estoppel by record, such as by a prior judgment, to operate as an absolute bar to a subsequent action, it had to be pleaded specially; at least, if the other pleadings afforded the opportunity to set it up in that manner. *Outram v. Morewood*, 3 *East.* 345; *Vooght v. Winch*, 2 *B. & Ald.* 662; *Doe v. Huddart*, 150 *Eng. Repr.* 137; 9 *Mich. Law Rev.* (*April* 1911) 484; 2 *Freeman on Judgments*, 1690, 1707; 34 *C. J.* 1055.

There were, however, numerous decisions which held that a prior judgment involving the same parties and deciding the same question, though not conclusive, was admissible in evidence under the general issue in a subsequent

action. 2 *Freeman on Judg.* 1699, 1700; 9 *Mich. Law Rev.* (*April* 1911) 484; 1 *Chitty on Plead.* 198; 34 *C. J.* 1065.

This rule applied in actions of assumpsit, case and ejectment, and in some other actions that need not be mentioned, and in most cases was probably because of the peculiar character and scope of the general issues in those actions. *Young v. Rummell, 2 Hill* (*N. Y.*) 478, 38 *Am. Dec.* 594; *Miller v. Manice, 6 Hill* (*N. Y.*) 114; *Kilheffer v. Herr,* 17 *Serg. & R.* (*Pa.*) 319, 17 *Am. Dec.* 658; 2 *Smith's Lead. Cas.* 952, *note;* 1 *Chitty on Pl.* 418, 432.

But for some historical reason, not too clearly apparent, when not specially pleaded, a prior judgment was not even admissible at common law under the plea of not guilty in an action of trespass. *Young v. Rummell, 2 Hill* (*N. Y.*) 478, 38 *Am. Dec.* 594; 2 *Freeman on Judg.* 1700; 1 *Chitty on Pl.* 432; 34 *C. J.* 1066. It seems, however, that that rule has not been applied in this State, and that when the other requirements are met, a prior pertinent judgment in an action of trespass is admissible under the plea of not guilty. *Stean v. Anderson, 4 Harr.* 209. See, also, *Nivin v. Stevens,* 5 *Harr.* 272.

This rule would seem to be particularly appropriate in view of the statutory provision in this State, practically abolishing the distinction between trespass and case, so far as the form of the action and the evidence admissible under it is concerned. *Section* 4177, *Rev. Code* 1915.

In fact, even without such a statute, it has been said that when not specially pleaded the admission or rejection of a prior judgment, merely because of the form of the action used, is too narrow and technical a distinction to be followed. 2 *Smith's Lead. Cas.* 952, *note.*

At common law, if from the state of the other

pleadings there was no opportunity to plead a prior judgment specially, it was not only admissible in many, if not in most cases, but it seems that it was as conclusive as to the rights of the parties as though specially pleaded as an estoppel. 2 *Freeman on Judg.* 1695-1699; 9 *Mich. Law Rev.* (*April* 1911) 484; 34 *C. J.* 1056, 1066.

Some of the American cases have adopted the old English rule that when the opportunity is afforded, the failure to plead a prior judgment specially usually operates as a waiver of the right to rely on it as an estoppel. *Vooght v. Winch,* 2 *B. & Ald.* 662, 106 *Eng. Repr.* 507; *Gray v. Pingry,* 17 *Vt.* 419, 44 *Am. Dec.* 345; 2 *Freeman on Judgments,* 1700; 34 *C. J.* 1066.

Other cases hold, however, that if such evidence is admissible at all under general pleadings, it is as conclusive of the pertinent issues therein determined, as though it were pleaded specially, and this would seem to be the more logical rule. *Hollis v. Morris,* 2 *Harr.* 128; *Stean v. Anderson,* 4 *Harr.* 209; *Southern Pac. R. Co. v. United States,* 168 *U. S.* 1, 50, etc., 18 *S. Ct.* 18, 42 *L. Ed.* 355; *Hall v. Dodge,* 38 *N. H.* 346; *Beall v. Pearre,* 12 *Md.* 550, 565; 9 *Mich. Law Rev.* (*April* 1911) 484; 2 *Freeman on Judg.* 1702, 1704; 34 *C. J.* 1066.

In *Hollis v. Morris,* 2 *Harr.* 128, no special pleas were filed, but a former recovery by the plaintiff was relied on by the defendant. The court charged the jury:

"1st. That the former recovery was conclusive on all subjects and causes of action that might have been included in the former suit, unless the plaintiff shows by proof, that the matter now sued for, was not in fact included in that action."

That case involved an action of assumpsit, but in *Stean v. Anderson,* 4 *Harr.* 209, which was an action of trespass, where the defendant merely pleaded not guilty, the court said:

"The verdict and judgment in the action of trespass of *Stean v. Anderson*, tried in 1841, for a trespass in carrying away plaintiff's fence, in 1838, are final and conclusive: 1st. That such a trespass was committed by the defendant. 2d. That the plaintiff was in the actual possession of the land where, and at the time when, the trespass was committed. This land, it is alleged is the same, with that which is now in question in this cause."

The court then added: "Having been in actual possession in 1838, it is to be presumed that such possession continued in the plaintiff, unless it be shown that he divested himself of it by relinquishing or abandoning it before the alleged trespass was committed."

When read in connection with this part of the opinion, it is apparent that *Niven v. Stevens*, 5 *Harr.* 272, is perfectly consistent with *Stean v. Anderson;* and if *Porter's Lessee v. Matthews*, 2 *Harr.* 30, intended to lay down any different rule, it was, in effect, overruled by *Stean v. Anderson*, 4 *Harr.* 209, *supra.*

In *Porter's Lessee v. Matthews*, the question was whether a previous award of arbitrators in an action of ejectment that the title to the disputed lands was in the defendant, and on which award judgment was entered by the court, was conclusive on the question of title, and estopped the plaintiff from bringing a second action of ejectment for the same land.

The plaintiff, citing *Thompson v. McIntyre* in the Old High Court of Errors and Appeals, but seemingly not reported, contended that an award in an action of ejectment was not final. The court "said they would like to see that case as the inclination of their minds was the other way. Many of the authorities treat the award as conclusive, by way of estoppel;" but then added "at present we merely say to the jury that as a decision of the arbitrators, judges of the parties' own choosing, it is very strong, persuasive evidence for the defendants."

174

· For the reasons above given, the motion for a new trial is refused.