JOHN R. BLACK, Constable, for the use of Stefina Smulska, *v.* H. FEINBERG FURNITURE COMPANY, a corporation of the State of Delaware, and HARRY FEINBERG.

(*December* 6, 1938.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Walter J. Willis* for plaintiff.

*William H. Bennethum* (of Marvel, Morford and Logan) for defendants.

Superior Court for New Castle County, No. 228, September Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

The jurisdiction of Justices of the Peace in cases of replevin is conferred by *Chapter* 122, *Revised Code, 1935.* By *Section* 4555 the same right and manner of appeal to this Court is provided as in civil cases for debt; and by *Section* 4523, when the appeal is duly perfected the pleadings and proceedings thereafter are as in causes commenced in the Superior Court. Where the appellant was the defendant below, it is his duty to perfect the appeal, and that accomplished, the plaintiff below is required to file a declaration, or *pro-narr,* in accordance with the statute and rules

of Court so that this complaint may be prosecuted to a determination.

The defendant contends that it has met the conditions of the bond in that it prosecuted its complaint with effect before the Justice of the Peace, and that it has abided the judgment of *non pros* entered against it in this Court by paying the amount thereof.

This argument seems to be that the first condition of the bond has reference only to a plaintiff's obligation to prosecute his complaint with effect before the Justice of the Peace, while the second condition refers to any judgment on the appeal whether it be a judgment of *non pros* for costs only, or a judgment on the merits.

If this contention is sound, and one that must be sustained notwithstanding its extreme technical character, the position of a defendant in an action of replevin before a Justice of the Peace appealing from an adverse judgment may be lamentable. His property may have been seized and retained, and although he may have perfected his appeal, he may not, perhaps, be able to reap the benefits because of the neglect or refusal of his adversary to carry it forward by filing a declaration.

The infirmity of this contention is manifest. A plaintiff in a replevin action before a Justice of the Peace must be held to know that a right of appeal is secured by the statute; that on appeal the case is the same as the one upon which the judgment was entered below, although the trial is *de novo, Norton v. Janvier, 5 Harr.* 346; and that it is his duty to prosecute his complaint once more in another forum.

The right of appeal secured to a defendant in an action before a Justice of the Peace would be illusory unless a remedy be afforded in a case where, the appeal having been perfected, the respondent refuses to proceed. So, long ago,

it was ruled that two returns of *non est inventus* were equivalent to a citation in an appeal from a judgment of a Justice of the Peace; and that, in such case, it was proper to lay a rule on the plaintiff below to declare, or suffer judgment of *non pros;* for, as the Court said, the right of appeal would be inoperative unless the respondent could be compelled to appear to the appeal. *Dubree v. Pusey,* 5 *Harr.* 421; 2 *Woolley Del. Pr., Sec.* 1428.

■■ The condition of the replevin bond in an action before a Justice of the Peace must be viewed in the light of the right of appeal secured by the statute. Where the defendant appeals from an adverse judgment, the cause is removed to the Superior Court for trial *de novo.* It remains the duty of the respondent to prosecute his complaint with effect, to which end he is required to file a declaration, or suffer judgment of *non pros,* which is, essentially, a failure to prosecute his complaint and, therefore, a breach of the condition of the bond.

■ A judgment of *non pros* in such case is a judgment for costs only. In *McIlvaine's Adm'r v. Holland et al.,* 5 *Harr.* 226, the plaintiff in a replevin action instituted in the Superior Court, discontinued it; and it was argued that the effect of the discontinuance was a judgment in favor of the defendant for a return of the property, for damages for its caption, and costs, and the right to an inquisition to determine these matters. But the Court ruled that the judgment was for costs only; and it was observed that in an action of replevin the plaintiff gives a bond to prosecute his action; if he discontinues, his bond is forfeited; and the defendant is afforded a full remedy by action on the bond. The authority of this case was followed in *Harmon v. Collins,* 2 *Penn.* 36, 45 *A.* 541, where the plaintiff in a replevin action, having suffered a non-suit, was sued on the replevin bond.

■ The same principle applies, and the consequence is the same, where a defendant in a replevin action before a Justice of the Peace appeals, and is met by a refusal of his adversary to file a declaration. The replevin bond protects the defendant until the case is finally determined. Its condition is broken if the respondent fails to prosecute his complaint in this Court; and an action on the bond affords a remedy.

■ The doctrine of *res judicata* is founded in a wise public policy, the basis of which is that parties to an action ought not to be permitted to litigate the same issue more than once; and where the merits of an issue have been judicially tried and determined by a court of competent jurisdiction, or an opportunity has been given for such trial, the judgment of the court, so long as it remains unreversed, should be conclusive on the parties. 15 *R. C. L.* 953; *Williams v. Daisey*, 7 *W. W. Harr.* (37 *Del.*) 161, 180 *A.* 908.

■ The plaintiff could not have compelled a trial of the case on her appeal. The transcript of the judgment is no part of the pleadings. The Court looks to the declaration for the cause of action. 2 *Woolley Del. Pr., Sec.* 1438. No declaration having been filed, there could have been no issue joined. The judgment of *non pros,* entered against the defendant in this Court for its failure to file a declaration, was a judgment for costs only. It was not, and, in the circumstances, could not have been a judgment on the merits. The plaintiff here, who seeks her remedy by action on the replevin bond, was never afforded an opportunity to have the merits of her case tried and determined in this Court on her appeal, and this by the fault of the defendant who seeks to take advantage of its own wrong. The case does not fall within the doctrine of *res judicata.*

The demurrer to the plea is sustained.