**SEAMAN-ANDWALL CORPORATION, Plaintiff,**

**v.**

**WRIGHT MACHINE CORPORATION; William Prickett, Receiver pendente lite of B. S. F. Company; Victor Muscat and Edward Krock, Defendants.**

Superior Court of Delaware,
New Castle.

June 26, 1970.

Aubrey B. Lank, Wilmington, for plaintiff.

J. A. Rosenthal, Wilmington, for defendants.

OPINION

MESSICK, Judge.

This action was commenced on February 10, 1969, on the filing of a complaint and

an affidavit of demand wherein the complaint alleged that the plaintiff, Seaman-Andwall Corporation (hereafter "Seaman-Andwall"), was entitled to a judgment against Wright Machine Corporation (hereafter "Wright"); William Prickett, Receiver *pendente lite* of B. S. F. Company (hereafter "B. S. F."); Victor Muscat; and Edward Krock by virtue of a certain judgment entered January 29, 1969, in the Supreme Court of the State of New York in a certain action entitled Seaman-Andwall Corporation v. Wright Machine Corporation, B. S. F. Company, Victor Muscat and Edward Krock, Index No. 1740/67. The complaint prayed for judgment in the. amount of $280,188.59 with interest from January 29, 1969. Krock and Muscat were not served and have not entered an appearance. On April 21, 1970, the receivership of B. S. F. Company was terminated by the U. S. District Court for the District of Delaware. By stipulation of the parties hereto the B. S. F. Company has been substituted as a party defendant in the stead of William Prickett, Receiver *pendente lite* of B. S. F.

B. S. F. and Wright entered appearances and moved to dismiss the action as to them because of lack of jurisdiction of this Court. This motion was denied by virtue of an opinion and order dated January 20, 1970. 262 A.2d 257. On February 27, 1970, the appearing defendants answered and filed a counterclaim and an affidavit of defense. The appearing defendants filed a motion for stay and the plaintiff filed a motion for summary judgment.

In the meantime, as a result of an order in the United States District Court for the District of Delaware, dated April 14, 1969, in an action entitled Tanzer v. Huffines, 314 F.Supp. 189, the Receiver was permitted to sell the physical assets of Wright's Seaman-Andwall Division to National Rollex Corporation for the sum of $400,000.00. As a result of such sale, the plaintiff received $169,829.94 in partial satisfaction of plaintiff's claim.

The pleadings and affidavits on· file herein disclose the following facts: On September 21, 1967, an action was commenced by Seaman-Andwall in the Supreme Court of the State of New York, County of New York against Wright, B. S. F. Company, Muscat and Krock. The summons and notice of motion were served upon the New York attorneys for the defendants together with an accompanying Affidavit of Paul D. Schurgot, Jr., vice president of plaintiff. The defendants in the New York action thereafter appeared by their counsel, Roy M. Cohn, Esquire, and moved for an order consolidating Seaman-Andwall's action with a prior New York action which had been begun by Wright against Seaman-Andwall. The Cohn affidavit was based almost entirely on the Wright complaint which stated that Seaman-Andwall had breached the Agreement of Sale dated June 3, 1966, between it and Wright in the following respects:

1. By overvaluing the inventory sold pursuant to the Agreement of Sale.

2. By overvaluing the accounts receivable transferred pursuant to the Agreement of Sale by including therein uncollectible and worthless receivables.

3. By failing to disclose certain liabilities in excess of $78,000.00.

4. By failing to disclose the amount of products liability claims threatened or pending against Seaman-Andwall at the time of the Agreement of Sale when it knew or should have known that such claims would range between $2,000,000.00 and $7,000,000.00.

5. By failing to reimburse Wright for its expenditures in the satisfaction of customer claims assumed by it under the Agreement of Sale where such expenditures exceeded the amount specified in the Agreement.

These allegations are identical to allegations of Paragraph 5 of the counterclaim filed herein.

The motion for summary judgment filed by Seaman-Andwall was denied and the cross-motion of Wright for an order consolidating the two actions was granted. Seaman-Andwall appealed that portion of the order which denied its motion for summary judgment. No appeal was taken from the order permitting the consolidation.

The Appellate Division on appeal, Mr. Justice Aaron Steuer, determined (1) that Seaman-Andwall's motion for summary judgment in lieu of complaint was valid; and (2) that defendants' opposition to the motion based upon the alleged breaches of the Agreement of Sale was a sham.

It may be noted that Justice Steuer reviewed the defenses in some detail and concluded that they were without merit. Even though he found that the defenses could be treated either as "a clumsy failure to set forth evidentiary facts" or "a studied effort to avoid the pains of possible perjury", he gave credence to the defenses as set forth therein. These defenses are the self-same pleadings contained in Paragraph 5 of the counterclaim filed in this case.

On January 29, 1969, Seaman-Andwall recovered a judgment in the amount of $280,188.59 against the named defendants, jointly and severally. On February 10, 1969 the present suit on the judgment was commenced in the Delaware Superior Court in and for New Castle County. On February 13, 1969, suit on the New York judgment was commenced in the Central District Court of the Commonwealth of Massachusetts against Edward Krock and Wright Machine Corporation. In Massachusetts, Wright Machine Corporation has filed an action against Seaman-Andwall alleging breach of the Agreement of Sale identical to the allegations contained in Paragraph 5 of the counterclaim herein.

Defendants have filed their motion to stay the Delaware proceeding for the reason and upon the grounds that the Massachusetts and Delaware litigations are identical and that trial of the issues is more convenient in Massachusetts where all the persons and documents necessary to establish defendants' case are located.

Plaintiff has filed its motion for summary judgment in Delaware for the reason and upon the grounds that this is a suit upon a final and valid judgment and that there are no disputed matters between the parties because all issues raised by defendants' counterclaim, going to the 1966 Agreement of Sale, are barred by the decision of the Appellate Division of the Supreme Court of New York County.

It is the opinion of the Court that plaintiff's motion for summary judgment must be granted and defendants' motion to stay must be denied.

■ Following examination of the entire record on file herein, the Court concludes that there is no material factual dispute growing out of defendants' counterclaim which was not finally adjudicated and brought to judgment in the New York court action. The original complaint and the defenses thereto all arose out of the 1966 Agreement of Sale, a contract made in the State of New York and containing a provision that the agreement be governed according to New York law. The New York judgment resolved the disputes arising from the 1966 contract, as enumerated in defendants' counterclaim, in favor of the complainant, Seaman-Andwall. The well recognized and accepted principles of *res judicata* require this Court to hold that the findings made and the judgment rendered by the courts of a sister-state preclude any retrial of the merits of the same dispute between the same parties in a Delaware court. *Res judicata* is a public policy doctrine which requires a definite end to litigation when each party has had a full opportunity to present all pertinent facts. Coca-Cola Co. v. Pepsi-Cola Co., 6 W.W.Harr. 124, 172 A. 260 (Del.Super.1934). In Black, for the use of Smulska v. H. Feinberg

Furniture Co., 9 W.W.Harr. 523, 3 A.2d 62 (Del.Super.1938), the court said:

"The doctrine of *res judicata* is founded in a wise public policy, the basis of which is that parties to an action ought not to be permitted to litigate the same issue more than once, and where the merits of an issue have been judicially tried and determined by a court of competent jurisdiction, or an opportunity has been given for such trial, the judgment of the court, so long as it remains unreversed, should be conclusive on the parties."

The final judgment rendered in this dispute in the State of New York is binding upon the Delaware court, and in a suit on that judgment it is entitled to full faith and credit in this Court. See United States v. Silliman, 167 F.2d 607, 620–621 (3rd Cir.), cert. denied, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948). The doctrine of *res judicata,* as applied in Delaware, is not altered by knowledge of the fact that litigation is also in progress between the parties hereto in Massachusetts. The counterclaim of defendants over whom this Court has jurisdiction is barred in Delaware by the New York judgment, and the argument going to the convenience of the Massachusetts forum is inapplicable. Matters of defense adjudicated against a defendant in a previous action may not again be set up by that defendant either as a defense in further litigation or as the basis of a new action by that defendant against the plaintiff. 50 C.J.S. Judgments § 681, p. 126. As to the defendants B. S. F. and Wright Machine Corporation, the counterclaim against Seaman-Andwall is barred under the doctrine of *res judicata,* and the Massachusetts litigation, involving either or both of them and other defendants is immaterial to the decision of this Court.

Plaintiff's motion for summary judgment is granted.

Defendants' motion to stay is denied.

It is so ordered.